**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JAMES CALVIN PARTTRIDGE** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.: 3:24-CV-343-MPM-RP**

**PANOLA COUNTY, MISSISSIPPI; et al** **DEFENDANTS**

**ORDER GRANTING MOTION TO COMPEL**

The matter is before the court on the defendant Lindsey O'Conner's Motion to Compel, for Sanctions, and Request for Attorney Fees. ECF 165. O'Conner served the plaintiff with interrogatories, requests for production, and requests for admission on May 13, 2026. The plaintiff obtaines from O'Conner a 10-day extension of time to serve his responses, but he failed to do so within the agreed time. Thereafter, after a status conference with the undersigned wherein the plaintiff's failure to provide O'Conner with his responses was among the matters discussed, the court ordered each party in this case "to serve any and all outstanding responses to another party's written discovery requests no later than July 10, 2026, failing which an aggrieved party may move for such relief as it deems appropriate." ECF 158. Nonetheless, and despite multiple additional good faith attempts by O'Conner's attorney to obtain the plaintiff's responses, the plaintiff has not provided them.

O'Conner now asks the court to compel the plaintiff responses to O'Conner's interrogatories and requests for production, to deem admitted O'Conner's unanswered requests for admission, and to award O'Conner $1,000 for her attorney fees incurred in bringing her motion. The plaintiff has not responded to the motion and the time allotted for him to do so has

passed. The court finds that O'Conner's motion is well taken and should be granted as unopposed pursuant to Local Unform Civil Rule 7(b)(3)(E), as well on its merits.

It being undisputed that the plaintiff has not responded to O'Conner's interrogatories or requests for production, the court will compel the plaintiff to provide his responses pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). Further, it being undisputed that the plaintiff has not answered or objected to O'Conner's requests for admission, those requests are deemed admitted pursuant to Rule 36(a)(1)(B)(3). Further, because the court is granting O'Conner's motion to compel, and because the plaintiff had the opportunity to respond to O'Conner's request for attorney fees and failed to do so, and because no circumstances are present that would prohibit such an award, the court "must," pursuant to Rule 37(a)(5)(A), require the plaintiff and/or his attorneys to pay O'Conner's reasonable attorney fees incurred in bringing her motion. O'Conner requests $1,000; the plaintiff has offered no opposition to this amount as a reasonable attorney fee; and the court finds that it is reasonable and should be paid by the plaintiff and his attorneys.

The court notes that in addition to failing to respond to O'Conner's discovery requests as required by the rules, the plaintiff failed to comply with the court's order that he do so by July 10, 2026, thereby justifying sanctions beyond the relief granted herein. The plaintiff is warned that if he fails to comply with this order, the court will impose sanctions against him, up to and including dismissal of his claims against O'Conner.

Therefore, the defendant Lindsey O'Conner's Motion to Compel, for Sanctions, and Request for Attorney Fees is GRANTED as follows:

1. The plaintiff is ORDERED to provide full and complete responses to Lindsey

O'Conner's interrogatories and requests for production of documents within 10 days after the entry of this order.

2. Lindsey O'Conner's requests for admission served on the plaintiff are deemed admitted.

3. The plaintiff and his attorneys are ORDERED to pay Lindsey O'Conner's reasonable attorney fees incurred in bringing her motion in the amount of $1,000, payable to O'Conner's attorney, within 30 days after the entry of this order.

SO ORDERED, this the 19th day of August, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE