**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES CALVIN PARTTRIDGE, JR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:24-CV-343-MPM-RP**

**PANOLA COUNTY, MISSISSIPPI, et al** **DEFENDANTS**

**ORDER**

Defendants Shane Phelps and Melissa Meek-Phelps have filed a motion seeking to dismiss the official capacity claims against them as being properly regarded as claims against Panola County, which remains a defendant in this lawsuit. In response, plaintiff appears to concede the proposition, which is clearly true, that claims against an individual defendant in his or her official capacity are properly regarded as claims against their municipal employer. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). In his response, however, plaintiff adds the caveat that he "does not oppose dismissal, without prejudice and solely as redundant, of an official-capacity claim under 42 U.S.C. § 1983 to the extent that the claim is legally identical to a claim against Panola County and the same relief remains fully available against the County." [Brief at 1].

For its part, this court does not intend to deal with hypothetical scenarios or place limitations, at this time, upon the well-settled proposition of law stated in *Kentucky v. Graham* and its progeny, and it believes that both sides to this litigation should not find it difficult to apply this rather straight-forward precedent. Having said that, this court does agree with plaintiff

that he is fully entitled to continue to litigate his official capacity claims against Panola County, and nothing in this order is intended to prevent him from doing so. With this caveat, the individual defendants' motion to dismiss the official capacity claims against them will be granted.

Turning to another issue, this court notes that defendants have filed motions for contempt or/alternatively to dismiss based upon what plaintiff concedes to have been failures on his part to provide adequate discovery responses. [Docket entry 205-1, 206-1]. This court relies heavily upon its magistrate judges in dealing with discovery matters, given that they are very familiar with the relevant discovery standards and have, invariably, been supervising the discovery process in a particular case. This court accordingly requests that Magistrate Judge Percy rule upon defendants' motions (or provide a report and recommendation, if appropriate), although it recognizes that actual dismissal of this case is a dispositive remedy which can only be ordered by a district judge. That being the case, this court would note its agreement with plaintiff that dismissal would be an unduly harsh remedy for his discovery violations in this case, particularly since this court has already found many of his claims to have potential merit and considering also that he has promised to "cure any specifically identified deficiency that remains outstanding." [Docket entry 205-1]. This court therefore regards dismissal as being uncalled for at this time, and it requests that Judge Percy determine whether some lesser sanction, such as the imposition of a monetary fine, is appropriate.

It is therefore ordered that the individual defendants' motion [173-1] to dismiss the official capacity claims against them is granted, and these claims will be litigated as claims against Panola County.

This, the 9th day of November, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI